**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TERRY LYNN STINSON,

        Petitioner,

vs.                                         Case No.:    3:16-cv-743-J-34JRK
                                                                                  3:90-cr-6-J-34JRK

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Terry Lynn Stinson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 1).[1] Stinson challenges his sentence under 18 U.S.C. § 924(c) for using a firearm in connection with an armed bank robbery. Stinson contends that he is entitled to relief from his sentence under Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the "residual clause" of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, and Welch v. United States, 136 S. Ct. 1257 (2016), which held that Johnson applies retroactively on collateral review.

Because Stinson previously moved to vacate his sentence under 28 U.S.C. § 2255 (see Case No. 3:98-cv-152-HES, Doc. 1), and because the Court denied the first motion to vacate (Case No. 3:98-cv-152-HES, Doc. 3), Stinson was required to apply to the Eleventh Circuit Court of Appeals for permission to file a second or successive motion to

---

[1] Citations to the record in the underlying criminal case, United States of America vs. Terry Lynn Stinson, Case No. 3:90-cr-6-J-34JRK, will be denoted as "Crim. Doc. __." Citations to the record in the civil case, Case No. 3:16-cv-743-J-34JRK, will be denoted as "Civ. Doc. __."

vacate. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). On July 11, 2016, the Eleventh Circuit Court of Appeals denied Stinson's application. (Crim. Doc. 89, Order Denying S.O.S. Application).

Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…." 28 U.S.C. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). Because the Eleventh Circuit denied Stinson's application to file a second or successive motion to vacate, the Court lacks jurisdiction over the current § 2255 motion.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Terry Lynn Stinson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.
2. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of October, 2016.

MARCIA MORALES HOWARD
United States District Judge

2

Lc 19

Copies:

Counsel of record
Pro se petitioner